**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____FILED _____ENTERED
_____LODGED _____RECEIVED

MAR 1 3 2006

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

| | |
|---|---|
| ART SMITH | * |
| Plaintiff | * |
| v. | * Civil Action No. PJM 05-332 |
| DENTAL BENEFIT PROVIDERS, INC. | * ECF EXEMPT |
| Defendant | * |

## MEMORANDUM OPINION

The Court considers the Motion to Dismiss of Defendant Dental Benefit Providers, Inc. (DBP), alleging ineffective service of process. No hearing is necessary to dispose of the matter. Local Rule 105.6 (D. Md. 2004). Having considered the pleadings, the Court will DENY the Motion.

DBP filed the instant motion on June 6, 2005. It submits that Pro Se Plaintiff Art Smith failed to serve it with an appropriate Complaint and summons to initiate the case. DBP concedes, however, that on May 7, 2005, a summons with a second, apparently Amended Complaint, was properly served on its resident agent, The Corporation Trust Incorporated, at 300 East Lombard Street, Baltimore, Maryland. Although this second Complaint appears to be substantially the same as the originally filed Complaint, that in the Court's view makes little difference. Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his pleading once as a matter of course at any time before a responsive

pleading is served. Accordingly, amending an originally filed Complaint in any respect and serving it as the first Complaint with a summons is not improper.

DBP further argues that Smith failed to serve his first Amended Complaint within 120 days of November 4, 2004, the date that he first filed with the District Court for the District of Columbia. Thus, says DBP, pursuant to Federal Rule of Civil Procedure 4(m), the Court must dismiss the Complaint. Rule 4(m), however, provides that the Court may extend the time for service for an appropriate period when good cause is shown  In this case, the Court, rightly or wrongly, ordered that new summonses should be issued on March 3, and May 5, 2005, which in effect placed the Court's imprimatur on an extended time to serve. Smith served DBP with a summons and the referenced first Amended Complaint on May 17, 2005, a date that clearly fell within a reasonable time after the Court issued the new summonses to him. The Court will not now revisit its decision to provide Smith with an extended time to serve the suit papers in this case and therefore finds that his service of the summons and the Complaint on May  7, 2005 was not untimely.

For these reasons, Defendant DBP's Motion to Dismiss [Paper No.  7] is DENIED.

---

Smith has since attempted to file yet another Amended Complaint which may or not have been served on DBP. The Court deems this second Amended Complaint inoperative, since a party may only amend his complaint once as a matter of course; thereafter he must have leave of court to amend. Fed. R. Civ. P. 15(a). At such time as DBP responds to the operative Complaint, that is the first Amended Complaint, the Court may consider whether or not further amendments should be entertained.

A separate Order will be entered.

March /3, 2006

/s/ Peter J. Messitte
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE